## M. R. EVERETT v. THOMAS SIMMS.

**Set-Off—Statute of Limitations.**

Where a set-off or counter-claim is barred by the statute of limitations, before one can recover upon it he must allege and prove a promise to pay after the running of the statute, and his set-off or counter-claim must be based upon the new promise. There appears no good reason why he may not plead the new promise in a reply, as he is not bound in filing his set-off or counter-claim to anticipate that a plea of the statute of limitations will be interposed.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 15, 1878.

OPINION BY JUDGE PRYOR:

If the appellee can recover on his set-off it is by reason of a promise to pay after the running of the statute. His counter claim, or

rather set-off, is not based on the new promise, but alone on the original consideration. The mere statement that he had promised to pay or had a promise to pay within three or four years is insufficient, as the whole pleading shows the action to be on the original promise. Under the new code where the plea is the statute of limitations we see no reason why the plaintiff may not reply by alleging the new promise, as he is not compelled to anticipate such a defense as that of limitation. The agreement to refer the case to arbitrators is not evidence of a promise to pay. The admission that the claim was unpaid does not amount to a promise to pay, and the appellant might have availed himself of the plea even before the arbitrators.

An agreement that one debt should be applied in satisfaction of the other could be shown under a plea of payment but as the pleadings stand in this case we see nothing to prevent the statutes from running. The judgment is *reversed* and cause remanded with directions to permit appellee to amend his pleadings (if he can do so) within a reasonable time, and for further proceedings consistent with this opinion.

*Reid & Stone, for appellant. J. J. Cornelison, for appellee.*